NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DVAUGHN JACKSON; ABRAHAM VAZQUEZ; MORONI RODRIGUEZ; FABIO DE MELLO; ALLEN CLARK; LORI MARTIN, individually and on behalf of all other similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>and<br><br>DEANDRE RASHAD COOK, GUADALUPE JAVIER HERNANDEZ, Jr.,<br><br>        Plaintiffs,<br><br>  v.<br><br>SUZUKI MOTOR OF AMERICA, INC., a California corporation,<br>        Defendants - Appellees. | No. 25-723<br><br>D.C. No.<br>8:23-cv-02189-FWS-JDE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted July 6, 2026[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before: RAWLINSON, SANCHEZ, and TUNG, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge Tung.

Dvaughn Jackson, Abraham Vazquez, Moroni Rodriguez, Fabio De Mello, Allen Clark, and Lori Martin ("Plaintiffs") appeal the district court's dismissal of their putative class action against Suzuki Motor of America, Inc. ("Suzuki"). Plaintiffs alleged that they purchased Suzuki motorcycles and experienced problems with the brakes, specifically in the front brake master cylinder ("FBMC"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting as true all well-pleaded factual allegations and drawing factual inferences in the light most favorable to the plaintiff. *Brown v. Brita Prods. Co.*, 172 F.4th 1113, 1117 (9th Cir. 2026). We review for abuse of discretion denials of leave to amend, *id.* at 1117–18, as well as denials of motions for reconsideration under Rules 59(e) or 60(b), *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

1. The district court did not err in dismissing Plaintiffs' claims for failure to plausibly allege a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007) (A complaint must "raise a right to relief above the speculative level."). In their Third Amended Complaint ("TAC"), Plaintiffs alleged that an FBMC design defect common to Suzuki motorcycles made them "prone to

2                                                                                    25-723

corrosion." But the TAC merely described the FBMC and the chemical corrosion process and did not identify what the defect was, nor its nexus to the brake failures that Plaintiffs experienced. *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555) (Plaintiff bears the burden of identifying an alleged defect such that "the defendant receives 'fair notice' of the claims against it.").

Plaintiffs alleged that Suzuki "failed to change" or "to fix the FBMC defect" that was the subject of a 2013 recall, but they have clarified on appeal that the location of the reservoir port at issue in the recall was *not* the problem here. Instead, they argue that "ongoing galvanic corrosion within the FBMC" has caused their braking problems. But even when taken as true, Plaintiffs' theory of FBMC corrosion does not adequately allege the specific design defect or lead to a "plausible inference" of Suzuki's wrongdoing.[1] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682 (2009); *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (requiring "sufficient facts alleged under a cognizable legal theory"). On

---

[1] Our colleague recites the TAC's description of the FBMC and the science of corrosion and concludes that Plaintiffs have adequately alleged a design defect in the coating of the FBMC's piston. We disagree. Plaintiffs assert that the "coating fails during the normal operation of the piston" but do not allege *how* this failure— or the alleged corrosion—arises from a defect rather than as a natural or unavoidable process over the useful life of the motorcycle. Plaintiffs do not allege, for example, a defect in the materials used for the coating, the positioning of the pieces, or other design factors that might cause unnatural or premature failure.

this record, an inference of wrongdoing appears particularly "*implausible*," as Suzuki took affirmative steps to prevent and address the possibility of accelerated corrosion through two FBMC recalls. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 999 (9th Cir. 2014). Without "factual enhancement," Plaintiffs have left the court and Suzuki to speculate on the specific misconduct alleged and their entitlement to relief. *Iqbal*, 556 U.S. at 678. We find that dismissal under Rule 12(b)(6) was appropriate.

2.      The district court did not abuse its discretion in denying Plaintiffs' motion for reconsideration. *See* Fed. R. Civ. P. 59(e); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal citations omitted) (Rule 59(e) is an "extraordinary remedy" to be granted only in "highly unusual circumstances."). Contrary to Plaintiffs' contentions, the district court did not require Plaintiffs to plead their claims at an improperly high standard, nor have Plaintiffs identified an "intervening change in the controlling law." *Id.* Plaintiffs alternatively argue that they were entitled to reconsideration because they offered to disclose details of "otherwise privileged investigations," the results of which constituted "previously unavailable evidence." Plaintiffs have not identified what evidence the investigations would reveal and have in any event waived this argument by failing to raise it before the district court. *Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022). Because Plaintiffs have offered no meaningful argument that they are

entitled to relief under Rule 60(b)(1), this issue is also waived. *See Waterkeeper All. v. United States Env't Prot. Agency*, 140 F.4th 1193, 1213 (9th Cir. 2025) ("We will generally not consider issues not raised in a party's opening brief or arguments that are not meaningfully developed.").

3.      Plaintiffs have also waived the issue of leave to amend. They made a "bare assertion" that the district court erred by denying leave to amend, but this argument is not developed in Plaintiffs' briefs. *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."). Even if not waived, the district court did not abuse its discretion by refusing to grant Plaintiffs a fifth opportunity to plead their claims. They have alluded to expert reports but have offered no new information about what the reports may reveal or how they may concretely cure the deficiencies in the TAC. *In re Cloudera, Inc.*, 121 F.4th 1180, 1190–91 (9th Cir. 2024) (cleaned up) (holding that amendment is futile where plaintiff cannot identify additional facts to cure the deficiencies or where they offer "vague promises of additional information").

4.      Because our resolution of these issues is dispositive, we need not and do not reach the parties' remaining arguments.

**AFFIRMED.**

*Jackson, et al. v. Suzuki Motor of America, Inc., et al.*, Case No. 25-723
TUNG, Circuit Judge, concurring in part and dissenting in part:

The panel majority correctly affirms the dismissal of this case on grounds that Plaintiffs failed to allege causation. That is enough to decide this case, yet the panel majority would also conclude that Plaintiffs failed to allege a product defect. In my view, that conclusion is unnecessary and is most likely incorrect.

Plaintiffs were quite specific in their allegation of the defect. They alleged that the motorcycles they purchased had "defective front brake master cylinders." 2 ER 133. They detailed the functioning of the cylinder, explaining how the cylinder contains a piston that is behind a "small reservoir of brake fluid" and how, when the brake lever is pulled, the lever "forces the piston to move, exerting pressure on the brake fluid." 2 ER 146. That pressure is then "transferred through a network of brake lines and hoses to the brake calipers," and when "that pressure reaches the pistons inside the brake calipers, it pushes the pads against the brake disc." *Id.* Plaintiffs stated that the front brake master cylinders "are defective in that they are prone to corrosion of the brake piston through normal use of the motorcycle." *Id.* The corrosion occurs because of the failure of the piston's "protective coating" to prevent a "chemical reaction" between the piston and the brake fluid," which in turn causes "acid deposits, solid metallics, and oxide debris" to accumulate in the brake fluid and limits "the ability of brake pressure build-up for proper braking operation." 2 ER 147. At least one defect Plaintiffs alleged is thus the defective coating of the

piston.  Yet, the panel majority says, that was not enough.

The more straightforward route to affirmance is what the district court concluded—that Plaintiffs failed to plausibly allege that the purported defect *caused* their injuries.  *See* 1 ER 20 ("[T]he court finds Plaintiffs fail to allege any *facts* making Plaintiffs' formulaic and conclusory statements that their braking problems *were caused* by the same FBMC defect subject to the 2012 and 2013 recalls plausible[.]" (second emphasis added)).  (To be sure, after its causation analysis, the district court stated cursorily that "Plaintiffs' failure to plausibly allege the existence of a defect requires dismissal of the [Third Amended Complaint] in its entirety," 1-ER-23, but that shorthand conclusion most likely refers to Plaintiffs' failure to allege a defect *that caused* their injuries.)  Plaintiffs alleged that they each owned a Suzuki motorcycle and that they had experienced brake failure.  *See* 2 ER 137–44.  But even if these allegations are taken as true, Plaintiffs failed to allege facts showing that those brake failures were caused by the defect as opposed to other causes.  Plaintiffs did not allege that they witnessed corrosion or that a mechanic informed them that the issues they reported were caused by corrosion in the front brake master cylinder.  Indeed, Plaintiffs' own allegations point to alternative causes, as the district court explained.  "The facts Plaintiffs allege show that when they took their motorcycles to service technicians, those service technicians explained the brake issues had causes other than corrosion or other indicators of the FMBC defect, with such causes

including a need for new brake pads, a change in brake fluid, or a replacement of brake lines." 1 ER 21 (quotation marks and citations omitted); *see also* 2 ER 140, 143–44. Having failed to allege causation, Plaintiffs' complaint was properly dismissed. I would affirm the district court's judgment on that basis.